# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN WYSINCAVAGE, et al., ) | |
| ) | |
|        Plaintiffs, ) | Case No. 2:16-cv-1063 |
| ) | |
| v. ) | Judge Michael H. Watson |
| ) | Magistrate Judge Kimberly A. Jolson |
| PENN NATIONAL GAMING, INC., et al., ) | |
| ) | |
|        Defendants. ) | |

## AGREED PROTECTIVE ORDER

The parties to this Agreed Confidentiality Order, through their attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports entry of this Protective Order and that justice so requires it,

**IT IS HEREBY ORDERED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Protective Order as follows:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means any information designated as "CONFIDENTIAL" by a party. Confidential Information

may include, but is not limited to, the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or other sensitive business information; (c) research, technical, commercial, patron or customer, or financial information that the party has maintained as confidential; (d) medical and/or health information concerning any individual; (e) personal identity or financial information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) documents referring or related to confidential and proprietary human resources or business information; or (h) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

      3.      Designation.

           (a)      A party may designate a document as Confidential Information for protection under this Order (hereinafter, "designating party") by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) A party may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

(c) The designation of a document as containing Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

(d) The right to designate Confidential Information pursuant to this Order also applies to discovery, evidence and testimony from third parties who are subpoenaed or called to testify in this lawsuit. If a third party produces material during the course of this lawsuit that it did not designate as containing Confidential Information but that a party believes in good faith to satisfy the definition of Confidential Information as set forth in Paragraph 2, the party may (1) request that the third party designate the material as Confidential Information at the time of production in the manner specified above; or (2) the party may itself designate the material as Confidential Information, in which case the party-designator shall, within ten (10) business days of notifying counsel, provide counsel for the parties with new copies of such material bearing the appropriate "CONFIDENTIAL" legend.  Upon receipt of the copy bearing the legend, counsel for the parties and all other persons who have received undesignated copies of the material shall either return such material to counsel for the party-designator or destroy all such materials, copies and other reproductions thereof.

4. Depositions.

The parties may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the court reporter and counsel of such designation during the course of the deposition. In the case of testimony not so designated during the course of a deposition, counsel may, within 14 days of receipt of the deposition transcript, notify the parties

that the deposition testimony contains confidential material, and thereafter the designated testimony shall be subject to the full protections of this Order. Portions of any deposition designated "CONFIDENTIAL" are to be either: (a) redacted before the deposition transcript is filed with the Court; or (b) filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Protective Order. These portions shall remain sealed until further agreement of the parties."

    5.    Protection of Confidential Material.

        (a)    General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

        (b)    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    The Court and its personnel;

    (4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses. Person noticed for depositions or designated as trial witnesses, or persons a party reasonably and in good faith believes may be noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. All produced Confidential Information shall be carefully maintained so as to preclude access by persons other than those identified in subparagraph (b). Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Inadvertent Failure to Designate. A prior or inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to subsequently designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable

5

effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court may either: (a) redact all of the information contained on any page that is marked "CONFIDENTIAL" before filing said document with the Court; (b) if the party wishing to file the confidential material is the designating party asserting confidential treatment , that party may, at its discretion, redact only that information that it deems confidential before filing with the Court; (c) separately file or submit the document under seal with the Court; or (d) before any document marked "Confidential" is filed or submitted under seal, the filing part may consult with the designating party to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. If the party wishes to file a document under seal, the party must comply with Local Rule 5.2.1.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial or Hearing. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present

7

Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      12.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation or by Government Agency.

      (a)    If a receiving party is served with a subpoena or an order issued in other litigation or by a government agency that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      (b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The

obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

      13.      Inadvertent Production of Privileged Information. The inadvertent production of any material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine. Inadvertent production of privileged material includes the mistaken production of privileged material that has been reviewed by the disclosing party's attorneys prior to production. Upon receipt of notice of an inadvertent production, the receiving party shall (1) promptly sequester material subject to a claimed privilege and any copies of it if a challenge to the claimed privilege is being made or (2) if no challenge to the claimed privilege is being made, return the material subject to a claimed privilege and any copies of it, including deletion of any versions of the privileged materials on any database the receiving party maintains. The receiving party shall also take reasonable steps to retrieve the information if it has been further disclosed, and make no use of the information contained in the privileged materials. If the receiving party contests the claim of privilege, it shall notify the disclosing party in writing. Within 21 days after it reasonably appears that good faith efforts to resolve the dispute have failed, the disclosing party may apply to the Court for an order that such materials are protected from disclosure by privilege. In opposing any such application, the receiving party may not, however, assert as a ground for such opposition the fact or circumstances of the inadvertent production. Any claimed privileged material sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed until the privilege issue is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue.

14.     Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including copies as defined in ¶ 3(a), and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Alternatively, the parties may agree to destruction to the extent practicable in lieu of return and the receiving party shall certify the fact of destruction.[1]

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be

---

[1] The receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports, provided the receiving party agrees to treat any such material as Confidential Material under the terms of this Order.

10

protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    (d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

 16. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

 17. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

 18. Nothing Herein to be Construed as Admission. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

 19. Restriction on Disclosure of Designated Material.  No information or things designated "CONFIDENTIAL" shall be disclosed by any party, except as set forth in this Protective Order. No party shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation, motion practice and trial of this action. No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Protective Order, or their experts and/or consultants.

20. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.


Date: March 7, 2017                               /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE

WE SO MOVE
and agree to abide by the
terms of this Order

*Greg Mansell*
Signature

Greg Mansell
Printed Name

Counsel for: Plaintiffs

Dated: March 6, 2017

WE SO MOVE
and agree to abide by the
terms of this Order

*James P. Looby*
Signature

James P. Looby
Printed Name

Counsel for: Defendants

Dated: March 6, 2017

ATTACHMENT A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN WYSINCAVAGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:16-cv-1063 |
| | ) | |
| vs | ) | Judge Michael H. Watson |
| | ) | Magistrate Judge Kimberly A. Jolson |
| PENN NATIONAL GAMING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____

                                                                 Signature