UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WYSINCAVAGE, et al.

    Plaintiffs,

v.

PENN NATIONAL GAMING, INC.,
et al.

    Defendants.

Case No. 2:16-cv-1063

JUDGE MICHAEL H. WATSON
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is now before the Court on the following motions: **(1)** Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b), ECF No. 27; (2) Unopposed Motion to Dismiss Plaintiffs Danchisen, Williams, and Dewire, ECF No. 38; and (3) Defendants' Motion for Leave to File *Instanter* a Sur-reply in Opposition to Plaintiff's Motion for Conditional Class Certification, ECF No. 49. For the following reasons, the Motion for Conditional Class Certification is **GRANTED**; the Motion to Dismiss Plaintiffs Danschisen, Williams, and Dewire is **GRANTED**; and the Motion to File *Instanter* a Sur-reply is **DENIED**.

### I. FACTS

This case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by twenty-two individually-named Plaintiffs: John Wysincavage, Camilla Perez, David Rodrigo, Patrick Arquette, Lindsay Parks, Amy Kato, Rosa

Hernandez, Tabatha Neff, Michael Ayres, Tanya Hikins, Brandon Daniels, Brittany Morgan, William Richardson, Brittany Witten, Michelle Murray, Ashley Brooks, Michael Brand, Brandy Kapron, Jeffrey W. Sarnes, William Sell, Lawson Stone, and Thomas Sturges (collectively referred to as "Plaintiffs").[1] Defendants are Penn National Gaming, Inc. ("PNG"), Central Ohio Gaming Ventures, LLC ("COGV"), Dayton Real Estate Ventures, LLC ("DREV"), Toledo Gaming Ventures, LLC ("TGV"), and Youngstown Real Estate Ventures, LLC ("YREV") (collectively referred to as "Defendants"). Plaintiffs are current and former tipped employees of PNG and/or one or more of the other Defendants, which are PNG's subsidiary casinos operating as "Hollywood Casino" in various locations ("Defendant Casinos"). Tipped employees of the Defendant Casinos include but are not limited to table games dealers (ECF No. 27, Wysincavage Decl. ¶ 4), food and beverage servers (ECF No. 27, Witten Decl. ¶ 4), and bartenders (ECF No. 27, Arquette Decl. ¶ 6). Plaintiffs allege that Defendants have violated 29 U.S.C. § 203(m) of the FLSA by failing to inform tipped employees that Defendants applied a tip credit toward Plaintiffs' and other tipped employees' (hereinafter "Putative Class" or "Putative Class Members") minimum wages. Second Amd. Compl., ECF No. 26.

On February 21, 2017, Plaintiffs moved for a conditional class certification and court-supervised notice to potential opt-in Putative Class Members pursuant

---

[1] Jaquelyn Danchisen and Heather Williams were also named but have moved to be dismissed as plaintiffs.

to 29 U.S.C. § 216(b). ECF No. 27. Plaintiffs' proposed class includes all tipped employees at the four Defendant Casinos whose wages were affected by a tip credit between November 7, 2013, and the date of this Order. *Id.* at PAGEID # 301. The motion has been fully briefed. ECF Nos. 27, 41, 48. Defendants subsequently moved for leave to file a sur-reply *instanter*, which Plaintiffs have opposed. ECF Nos. 49, 50. Named Plaintiffs also moved to dismiss plaintiffs Jaquelyn Danchisen, Heather Williams, and Carrie Dewire. ECF No. 38. All of the pending motions are now ripe for consideration.

## II. MOTION TO DISMISS PLAINTIFFS DANCHISEN, WILLIAMS, AND DEWIRE

Federal Rule of Civil Procedure 21 provides that "'[p]arties may be dropped or added by order of the court on motion' and we think that this rule is the one under which any action to eliminate . . . a party should be taken." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). Plaintiffs have moved to dismiss plaintiffs Danchisen, Williams, and Dewire upon discovering that those individuals had been informed in writing of the tip credit provisions set out in 29 U.S.C. § 203(m). ECF No. 38. Defendants do not object, and the Court hereby **GRANTS** the motion and **DISMISSES** Plaintiffs Danchisen, Williams, and Dewire.

## III. PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

### A. Applicable Law

The Fair Labor Standards Act requires employers to pay applicable employees a wage of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). An exception exists for "tipped employees," meaning "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(m), (t). Employers must pay "tipped employees" a wage of:

an amount equal to—

> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m). In other words, between wages and tips, the tipped employee must receive the minimum wage provided by § 206(a)(1). The employer must pay at least $2.13 an hour and, if the employee's tips fail to make

her overall wage meet or exceed the minimum wage, the employer must supplement the tipped employee's wages to equal the minimum wage. An employer may use up to $5.12 an hour of tips to meet its minimum wage obligations, which is referred to as a "tip credit." The tip credit cannot be taken by an employer unless employees are informed that it will be taken and the employee retains all tips received, with the exception of pooled tips. 29 U.S.C. § 203(m).

The statute authorizes employees to bring collective actions against employers to recover damages for unpaid wages provided two conditions are met: (1) the employees are "similarly situated" and (2) all plaintiffs provide written consent to becoming a party and such consent is filed with the court. 29 U.S.C. § 216(b). Courts within the Sixth Circuit generally apply a two-step procedure for determining whether an FLSA case should proceed as a collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006) (describing the two-step process). The first step in determining whether such a collective action is appropriate, commonly referred to as "conditional certification," takes place prior to the completion of discovery and requires the plaintiff to make an initial showing that the employees in the proposed class are "similarly situated." *Id.* at 546 (quoting 29 U.S.C. § 216(b)). At this first stage, "conditional certification may be given along with judicial authorization to notify similarly situated employees of the action" which allows plaintiffs to opt-in to the lawsuit.

*Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *Comer*, 454 F.3d at 546).

The second step follows discovery and receipt of all opt-in forms from putative plaintiffs. *Comer*, 454 F.3d at 547. At this time, the court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Id.* This matter is before the Court prior to the completion of discovery and therefore only involves conditional certification of the proposed class.

At the conditional certification stage, a "plaintiff must only 'make a modest factual showing' that [the plaintiff] is similarly situated to the other employees he is seeking to notify." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 546–47); *see also Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016). The standard employed during this initial stage of the litigation is "fairly lenient . . . and typically results in 'conditional certification' of a representative class." *Myers*, 201 F. Supp. 3d at 890 (quoting *Comer*, 454 F.3d at 547). This "certification is conditional and by no means final." *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

Whether plaintiffs are similarly situated depends on a number of factors, including the "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis,

[and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (citation omitted). A plaintiff need not show a single FLSA-violating policy, but rather can demonstrate that the claims of the named plaintiffs and the putative class are unified by "common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Plaintiffs are only required to show that their position is "similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (quoting *Pritchard*, 210 F.R.D. at 595).

Critical to the case at hand, during the conditional certification phase, "a court 'does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.'" *Myers*, 201 F. Supp. 3d at 890 (quoting *Waggoner*, 110 F. Supp. 3d at 765). Courts have instead considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Fairfax v. Hogan Transp. Equip., Inc.*, No. 2:16-cv-680, 2017 WL 4349035, at *2 (S.D. Ohio Sep. 29, 2017) (quoting *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011)).

After discovery in this case has been completed, the Court will examine the factual basis of Plaintiffs' proposed class more closely and will apply a stricter standard in evaluating whether Plaintiffs are "similarly situated." *Comer*, 454 F. Supp. 2d at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). If the Court determines at this second phase that the Plaintiffs are not similarly situated, it will de-certify the class, dismiss the opt-in plaintiffs without prejudice, and proceed with the lawsuit on the Named Plaintiffs' individual claims. *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006).

## B. Analysis

The instant motion relates solely to the conditional class certification stage of this case. Plaintiffs move for conditional class certification for

> All individuals currently or formerly employed at one of Defendant PNG's Ohio Subsidiary Casinos, including: Defendant COGV, Defendant TGV, Defendant DREV, and Defendant YREV, in a tipped position for which a tip credit was applied at any time between November 7, 2013 and the date of a court order conditionally certifying the class.

ECF No. 27, PAGEID # 301. Plaintiffs argue that the Putative Class Members are similarly situated because they are "all non-exempt, hourly-paid tipped employees employed by Defendants . . . [who suffered] from a single, FLSA-violating policy: Defendants' failure to inform tipped employees of the tip credit provisions [of the FLSA] prior to claiming a tip credit toward their minimum wage obligation." ECF No. 27, PAGEID # 312.

In support of their motion, Plaintiffs furnish the declarations of David Rodrigo and John Wysincavage, employees of the casinos. ECF No. 27, Exs. E and F.[2] The employees each began working for a subsidiary casino in 2012 and attest that they were either not provided with notice of the tip credit or not provided notice of the tip credit until years after their employment commenced. *Id.* There are currently twenty-two named plaintiffs who have made similar attestations and additional individuals who have separately filed notices of consent to become a party plaintiff accompanied by attestations. The twenty-two named plaintiffs worked for COGV, DREV, and TGV. The Plaintiffs also provided the declaration of Brian Montgomery, a former supervisor of the food and beverage operation at Defendants' DREV facility, who attested that "[c]ash wage payments and tip credits were not covered in the [management] orientation," nor did any Defendant discuss with Mr. Montgomery the need to inform employees about any tip credit provisions or direct him to do so. ECF No. 27, Ex. A ¶¶ 3–4, 7. Mr. Montgomery also attests that "[a]ll tipped employees were subject to the same payroll policies and procedures" and that the policies were produced and provided by PNG's corporate offices. *Id.* ¶ 6. In addition to Plaintiffs' declarations discussed above, Plaintiffs point to similarities between employee handbooks and recently-issued tip credit notices furnished by different

---

[2] Declarations of Jacquelyn Danchisen and Heather Williams were included with the motion but not considered as it was later discovered that Ms. Danchisen and Ms. Williams did receive the tip credit notice.

Defendants to argue that there was a uniform policy among Defendants that violated the FLSA. ECF No. 48.

Defendants challenge conditional certification arguing that (1) Plaintiffs have failed to establish the existence of a common, unlawful tip credit notice policy, ECF No. 41, PAGEID # 457; (2) determining whether Plaintiffs received notice would devolve into a host of individualized inquiries, *id.* at PAGEID # 463; and (3) Plaintiffs have failed to show they are similarly situated to each other, let alone the putative class, *id.* at PAGEID # 466. The Defendants' arguments are not well taken.

### 1. The Existence of a Common, Unlawful Tip Policy

Defendants argue that Plaintiffs have failed to point to a common, unlawful tip policy. Instead, according to Defendants, Plaintiffs have relied on "conclusory assertions" and declarations that have been controverted by subsequent deposition testimony. *Id.* at PAGEID #457–62. With an incomplete record of discovery, Defendants are attempting to challenge the merits of Plaintiffs' claims and the sufficiency of evidence in support of them. At the conditional certification phase, however, the Court will not make credibility determinations or evaluate conflicting evidence in support of Plaintiffs' proposed class. *See Myers*, 201 F. Supp. 3d at 890 (quoting *Waggoner*, 110 F. Supp. 3d at 765). The Court applies a more lenient standard to the evidence presented by Plaintiffs before discovery has been completed. *See Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D.

Ohio 2014) (the plaintiffs "met the 'fairly lenient standard' necessary to demonstrate that FLSA conditional collective action certification is appropriate" where claims involved the same unlawful pay practices at various restaurants owned by the defendant).

In *Struck v. PNC Bank N.A.*, No. 2:11-cv-982; 2013 WL 571849, at *4 (S.D. Ohio Feb. 13, 2013), this Court faced a similar case, in which the defendant attacked witness credibility at the notice stage of conditional certification and asserted that the employees at issue had such varied duties and responsibilities that they were not similarly situated. The *Struck* court noted that the court's function at the notice stage of conditional certification is not to perform a detailed review of individualized facts. *Id*. The court went on to note:

> If indeed discovery shows the claims of [plaintiffs] to be so individualized as to render the class unmanageable, Defendant may move to decertify the class at the second stage of the certification proceedings. As this Court has explained previously: 'Conditional certification is meant only to aid in identifying similarly situated employees. It is not a final determination that the case may proceed as a collective action.' After the opt-in forms have been filed and discovery is complete, a defendant may file a motion for decertification. At that point, the court examines with much stricter scrutiny the question of whether these other employees are, in fact, similarly situated.

*Id.* at *5 (quoting *Heibel v. U.S. Bank Nat'l Ass'n*, No. 2:11-cv-593; 2012 WL 4463771, *5 (S.D. Ohio Sept. 27, 2012)).

Plaintiffs have submitted evidence supported by declarations from employees at three different casinos that demonstrate a colorable basis that

there were illegal pay practices occurring at the Hollywood Casinos operated by PNG. Plaintiffs also submitted evidence of similar human resources materials being used throughout the Defendant Casinos that suggests there may be common pay policies and practices. The Plaintiffs in this case have provided sufficient evidence at this phase to demonstrate a common, unlawful tip policy. While Defendants have pointed to some inconsistencies among the Plaintiffs' testimony, these credibility determinations are more properly made after discovery is complete.

## 2. Ability to Determine Proper Notice Without a Host of Individualized Inquiries

Defendants next argue that they were permitted to satisfy their notification obligations under § 203(m) through a combination of ways, and, therefore, any determination of whether an individual Plaintiff received proper notice would necessarily devolve into a host of individualized inquiries. ECF No. 41, PAGEID # 463. Defendants suggest that they may have provided notice, among other ways, via Department of Labor posters that were posted at the casinos, offer letters, or conversations between managers or human resources personnel and employees. *Id.* at PAGEID # 464.

While there may be individual questions related to whether individual Plaintiffs received notice, this does not defeat conditional certification. In *Monroe, supra*, 860 F.3d at 404, the Sixth Circuit reiterated that "individualized defenses alone do not warrant decertification where sufficient common issues or

job traits otherwise permit collective litigation." *Id.* (finding that defenses successfully asserted against representative plaintiffs could be distributed across the claims of nontestifying plaintiffs). Plaintiffs' claims and those of the Putative Class are "unified by [a] common theor[y] of defendants' statutory violations, even if the proof of th[is] theor[y] [is] inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Specifically, Plaintiffs have presented a theory that Defendants, through their human resources written materials and practices, failed to notify employees of the tip credit taken by Defendants. This is a sufficient common theory uniting the Putative Class to permit conditional certification.

### 3. Differences Among Plaintiffs and the Putative Class

Defendants' final argument against conditional certification is that Plaintiffs have failed to show they are similarly situated to each other, much less the Putative Class they seek to represent. In support of this argument, Defendants point to the different job titles and different work locations of Plaintiffs.[3]

While it is true that the Plaintiffs served in different positions and different locations, it has not been shown that these differences prevent conditional certification. Courts have previously found that, "at the notice stage, a determination that plaintiffs are similarly situated does not depend on the

---

[3] Defendants also state that Plaintiffs "may have received different information regarding their tips, wages, compensation, and tip credit" due to different management or human resources documentation utilized at different casinos. This amounts to a restatement of the argument that there may be individualized defenses against the Plaintiffs, which was addressed in Section 2 above.

Case No. 2:16-cv-1063 Page 13 of 19

similarities of their job titles, descriptions or duties, but rather if they suffered from a 'single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Taylor v. Pilot Corp.*, No. 14-cv-2294, 2015 WL 12001270, at *4 (W.D. Tenn. Jun 16, 2015) (quoting *O'Brien*, 575 F.3d at 585) (conditionally certifying class of approximately 82,000 employees in various roles across the country); *see also LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 467 (E.D. Va. 2014) (conditionally certifying a nationwide class of employees in the same job position which resulted in over 275,000 class notices being issued). Defendants' allegations of differences between the Plaintiffs and the Putative Class are insufficient at this stage to defeat conditional certification.

In light of the foregoing, the Court finds that Plaintiffs have met their initial burden of demonstrating that they are similarly situated to the Putative Class. Plaintiffs' motion for conditional class certification is **GRANTED**.

### IV. DEFENDANTS' MOTION FOR LEAVE TO FILE *INSTANTER* A SUR-REPLY

The Court will next consider Defendants' Motion for Leave to File *Instanter* a Sur-reply. ECF No. 48. The Local Rules of this Court permit the filing of a motion with a supporting memorandum, a memorandum in opposition, and a reply memorandum and do not permit additional memoranda except upon leave of court for good cause. S.D. Ohio R. 7.2(a)(2). The rules also require counsel intending to file an additional memorandum to first consult with opposing counsel.

S.D. Ohio R. 7.3(a). Counsel for Defendants did not consult with opposing counsel prior to filing his motion.

Irrespective of this, the motion fails on its merits. Normally a party may only be granted permission for a sur-reply where the reply brief raises new grounds that were not presented in the initial motion. *See, e.g., Power Mktg. Direct v. Moy*, No. 2:08-cv0826, 2008 WL 4849289 (S.D. Ohio Nov. 6, 2008). Moreover, the mere fact that a sur-reply may be helpful to the court is not enough to justify its filing. *White v. Honda of America Mfg., Inc.*, 191 F. Supp. 2d 933, 944 (S.D. Ohio 2002).

As Plaintiffs correctly point out, any new issues raised in their reply brief were in response to Defendants' brief, filed with the benefit of additional discovery having been conducted. The discovery process has not been completed, and certain of Defendants' detailed arguments on the merits of the case are premature at the notice stage of a collective action. *See, e.g., Wlotkowski*, 267 F.R.D. at 217. The Court has found good cause to grant the conditional certification, and Defendants will have the opportunity to move for de-certification subsequent to notice being issued to the Putative Class and the completion of discovery. Defendants' Motion for Leave to File *Instanter* a Sur-Reply is **DENIED**.

## V. COURT SUPERVISED NOTICE

Plaintiffs seek approval for their proposed form of notice ("Notice") or, alternatively, for the Court to rule upon any conflicts between the parties as to the notice to be given. In a lengthy footnote in their response brief, Defendants object to the form of the Notice for the following reasons:

1. The notice does not contain language on the first page regarding the Court's neutrality.

2. To ensure Putative Class contact information is not used for reasons other than its intended purpose, a claims administrator should provide notice rather than Plaintiffs' counsel.

3. The notice fails to advise recipients that they may be required to travel to be deposed and/or for a trial, and may need to pay statutory costs if they are unsuccessful.

4. Plaintiffs wish to serve the notice by both mail and email notice. Defendants wish to notice last known mailing address only.

5. The notice requests phone numbers and email addresses of Putative Class members, which causes concerns over privacy or improper use of the information.

Plaintiffs address Defendants objections to the Notice in their reply brief as follows. First, Plaintiffs will include the following language on the first page of the Notice: "Although this Notice has been authorized by the Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, the Court takes no position regarding the merits of Plaintiffs' claims or Defendants' defenses."

Second, Plaintiffs object to the involvement of a claims administrator for this purpose as unnecessary and costly.

Third, the Notice as drafted contains language in Section VI as to appearing for depositions and trial. Plaintiffs propose including the following under Section VI regarding costs: "Also, if the Court ultimately concludes that Penn National Gaming, Inc. and the Ohio Subsidiary Casinos are the prevailing party, you may or may not be liable for a portion of their court costs – not including their attorneys' and expert fees." Plaintiffs aver that this is consistent with this Court's practice with respect to such notices. *See Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016); *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-cv-2929, 2016 WL 5104891 (S.D. Ohio Sept. 20, 2016).

Fourth, Plaintiffs object to the Notice being served by last known address only. Plaintiffs assert that the trend in the Southern District of Ohio is to provide notice by email to former employees "to avoid the added step of having to resend the notice in the event that a former employee's last known home address proves to be inaccurate." *Struck*, 2013 WL 571849, at *6 (granting Plaintiffs' request to distribute notice to employees via email); *see also Lutz v. Huntington Bancshares, Inc.*, No. 2:12-cv-1091, 2013 WL 1703361 (S.D. Ohio, April 19, 2013); *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012).

Finally, Plaintiffs do not address the issue of the phone numbers of the Putative Class.

The Court accepts Plaintiffs' proposed modifications to the Notice. The Court agrees that it is not appropriate for Plaintiffs to incur the expense of a claims administrator at this point, and it trusts that counsel for both parties will deal with any personal information of the Putative Class with due care.

Thus, Defendants shall, within fourteen (14) days of this Order, provide Plaintiffs with the full name, location and dates of employment, last known home address, and last known personal email address of each employee and former employee fitting the class description. The parties are directed to confer and submit within fourteen (14) days a joint proposed notice and joint distribution plan consistent with this Order.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Dismiss Plaintiffs Danchisen, Williams, and Dewire, ECF No. 38; **GRANTS** Plaintiffs' Motion for Conditional Class Certification, ECF No. 27; and **DENIES** Defendants' Motion to File *Instanter* a Sur-reply, ECF No. 49. The Court **ORDERS** that, within fourteen (14) days of the date of this Order, Defendants shall provide Plaintiffs, in electronic and importable format, with the following information for each employee and former employee fitting the class description: full name; location and dates of employment; last known home address; and last known

personal email address.  The Court further **ORDERS** the parties to confer and submit within fourteen (14) days a joint proposed notice and joint distribution plan consistent with this Order.  The Clerk shall drop Jaquelyn Danchisen, Heather Williams, and Carrie Dewire as Plaintiffs in this case and remove ECF Nos. 27, 38, and 49 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**